CITY OF ANCHORAGE, a municipal corporation, Petitioner,

v.

LOT I IN BLOCK 68 OF the ORIGINAL TOWNSITE OF ANCHORAGE, Alaska, Board of Church Extension and Home Mission of the Church of God, and all unknown owners and parties in interest, Respondents.

No. 666.

Supreme Court of Alaska.

Jan. 10, 1966.

---

Victor D. Carlson, Asst. City Atty., Anchorage, for petitioner.

David J. Pree, Anchorage, for respondent Board of Church Extension and Home Mission of Church of God.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

PER CURIAM.

Petitioner, pursuant to Supreme Ct.R. 23 (d) and (e), seeks review of an order entered by the superior court which "dismissed" the declaration of taking that petitioner had filed in an eminent domain proceeding instituted for the purpose of acquiring off-street parking facilities.[1] The sole substantive question presented is whether petitioner City of Anchorage is authorized to use a declaration of taking in eminent domain proceedings commenced with the object of obtaining off-street parking facilities.

■ In Bridges v. Alaska Housing Authority,[2] we were requested to review the question of whether the Alaska Housing Authority, in the exercise of its power of eminent domain, could utilize a declaration of taking. In concluding to grant review in Bridges, we stated:

The decision that the Authority may avail itself of a declaration of taking in eminent domain is of such importance as to justify deviation from the normal appellate procedure by way of appeal from a final judgment and to require the prompt attention of this court.[3]

We are of the opinion that Bridges is determinative as to whether review should be allowed in this case and we accordingly grant review. Whether or not a city of the first class is authorized to use a declaration of taking in a condemnation proceeding

1. Supreme Ct.R. 23(d) and (e) provides:
 *Review of Non-Appealable Orders or Decisions.*
 An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:
 \* \* \* \* \*
 (d) Where such an order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate and present review of such order or decision may materially advance the ultimate termination of the litigation.
 (e) Where postponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors.
 Civ.R. 72(e) (3) provides:
 *Declaration of Taking—Objection.*
 Any motion questioning the validity of a declaration of taking shall be served on or before the time provided in the notice for answering, or within twenty (20) days after the filing of the declaration of taking, whichever is later. For good cause shown, the court may permit a later filing of the motion.

2. 349 P.2d 149, 150 (Alaska 1959).

3. Id. at 150.

brought to acquire off-street parking facilities is, in our opinion, of such importance as to justify deviation from normal appellate procedures.

The City of Anchorage, being a home rule city, is a city of the first class.[4] In 1955 incorporated first and second class cities were authorized by the Territorial Legislature to acquire off-street parking facilities.[5] The 1955 act in regard to off-street parking facilities specifically provided that:

> Each city is hereby authorized to acquire real or personal property and property rights, above, at or below the surface of the earth, necessary or desirable for off-street automobile parking facilities, by purchase, condemnation, gift, lease, bequest, devise, or grant, in the same manner as the city is now, or hereafter may be, authorized by law to acquire property or property rights in connection with streets within such city.[6]

The 1955 Legislature also enacted legislation authorizing cities of the first class to use a declaration of taking in certain differentiated types of eminent domain proceedings.[7] The act authorizing the use of declarations of taking provided:

> In the exercise of eminent domain for street or highway, school, sewer, water, telephone, electric, other utility, and slum clearance purposes or use granted to cities of the first class, the governing body of such cities may exercise the power of eminent domain through the use of a declaration of

taking, provided, that the declaration of taking procedure may not be used with relation to the property of rural electrification or telephone cooperative or non-profit associations receiving financial assistance from the Federal government under the Rural Electrification Act.[8]

Petitioner contends that the portion of AS 29.55.030 (the off-street parking statute) which reads " * * * in the same manner as it may acquire property or property rights in connection with streets within the city" evidenced the legislature's intent to permit cities to "condemn property for off-street parking facilities in the same manner as it could condemn for streets." Petitioner further argues that since the legislature granted to first-class cities the authority to use a declaration of taking in condemnation of property for street purposes (AS 09.55.420), it therefore has the right to use a declaration of taking, under AS 29.55.030, in condemnation proceedings brought to acquire off-street parking facilities.

Respondent's position is that the "right to use a declaration of taking to provide off-street automobile parking" has not been granted to first class cities under AS 09.-55.420. Respondent further argues that authorization for use of a declaration of taking to provide off-street parking cannot be implied from the text of AS 09.55.420. In support of this assertion respondent alludes to "the rule that a grant of * * * eminent domain which, * * * includes * * * the declaration of taking, is to be

---

4. AS 29.05.010 provides:
 *Home rule cities.* A 'home rule city' is a city of the first class which has adopted a home rule charter pursuant to the constitution.

5. SLA 1955, ch. 17.

6. SLA 1955, ch. 17, § 3 (now AS 29.55.-030 with slight changes not relevant here).

7. SLA 1955, ch. 122, § 1 (now codified as AS 09.55.420).

8. SLA 1955, ch. 17 (AS 29.55.030) became law on March 3, 1955. SLA 1955, ch. 122 (AS 09.55.420) became law on March 28, 1955.

strictly construed against the condemning party and in favor of the property owner." [9]

Respondent interprets that portion of AS 29.55.030 which reads:

> A city may acquire * * * off-street automobile parking facilities, by * * * condemnation * * * in the same manner as it may acquire property or property rights in connection with streets within the city.

as referring to "matters of procedure in the exercise of a power, specifically in a 'condemnation' proceeding," as "distinguished from the additional power of a declaration of taking."

We agree with respondent's analysis and have concluded that the lower court's dismissal of petitioner's declaration of taking should be affirmed.

In Bridges v. Alaska Housing Authority,[10] a problem in statutory construction similar to that of the case at bar was presented for our determination. Bridges involved an interpretation of SLA 1951, ch. 105, § 8, which after having granted the power of eminent domain to the Authority, provided that the Authority might exercise such power

> * * * in the manner provided in Sections 57–7–1 to 57–7–23, of the Compiled Laws of Alaska, 1949, and acts amendatory thereof or supplementary thereto, or *it may exercise the power of eminent domain in the manner now or which may be hereafter provided by any other statutory provisions for the exercise of the power of eminent domain.* (emphasis furnished.)

 In regard to the above referred to portion of SLA 1951, ch. 105, § 8, we said in Bridges:[11]

But this is not enough. The incorporation by reference of amendatory and supplementary acts and other statutory provisions which might be enacted later may not be construed as conferring on the Authority any additional or different power of eminent domain. The use of the words 'manner provided' must be held to refer to matters of procedure in the exercise of a power otherwise expressly given.

It apparently was not intended that the declaration of taking power should merely supplement the procedural aspects of the then existing statutory provisions on eminent domain. If it had been, then it would have been enough to simply amend one or more of Sections 57–7–1 to 57–7–23 and say that those who have the power of eminent domain may exercise it by way of a declaration of taking.

But the legislature chose not to do this. The history of the statutes on this subject show that the legislature was particular in selecting those upon whom the power would be conferred and particular also in confining this authority within definite limits.

The declaration of taking is a power of eminent domain, and not only a manner of exercising a power otherwise conferred. More than procedure is involved; substantive rights are affected.

In our view, the analysis of Bridges is controlling as to the issue presented in this petition. We are of the opinion, and so hold, that AS 29.55.030's language "in the same manner as it may acquire property or property rights in connection with streets within the city" pertains to matters of pro-

9. Respondent cites 3 Sutherland, Statutory Construction § 6504, at 249–50 (3d ed. 1943); Northern Mining & Trading Co. v. Alaska Gold Recovery Co., 20 F.2d 5 (9th Cir. 1927).

10. Supra note 2.

11. Bridges v. Alaska Housing Authority, supra note 2, 349 P.2d at 153.

cedure. We reaffirm our previous views that a declaration of taking power is non-procedural and that "a grant of power of eminent domain is to be strictly construed against the condemning party and in favor of the property owner." [12]

■ In light of the foregoing and the legislative history of AS 09.55.420,[13] we conclude that AS 29.55.030, neither when read alone or in conjunction with AS 09.-55.420, authorizes a first class city to use a declaration of taking in condemnation proceedings seeking property for off-street parking facilities.

The lower court's order dismissing petitioner's declaration of taking is affirmed.

12. Id. at 153, 154.

13. Note: The legislature, during its consideration of AS 09.55.420 (House Bill 137), refused to extend its provisions to every instance where the power of eminent domain was exercised. See 1955 Alaska House Journal 379 where the following is recorded:

Mr. Gilbert offered the following amendment:

Page 1, Line 10: Delete Section 1 and substitute 'Section 1. In the exercise of eminent domain for any purpose or use, the one exercising the power of eminent domain may do so through the use of a declaration of taking.'

Mr. Gilbert moved, seconded by Mr. Kalamarides, that the amendment be adopted. On voice vote, the amendment was not adopted.